UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Jose OCTAVIO-Torres,**<br><br>    Defendant | Magistrate Docket No.<br><br>**'08 MJ 1654**<br><br><u>COMPLAINT FOR VIOLATION OF</u><br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

FILED
2008 MAY 27 AM 11:30

The undersigned complainant, being duly sworn, states:

On or about **May 22, 2008** within the Southern District of California, defendant, **Jose OCTAVIO-Torres,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **MAY 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose OCTAVIO-Torres

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On May 22, 2008, at approximately 8:45 p.m., Border Patrol Agent S. Hall observed three individuals, via infrared scope, crouched down and running northwest from the United States/Mexico International Border into a vacant lot. The subjects were approximately fifty yards north and one hundred yards east of the Tecate, California, Port of Entry. Agent Hall then called Border Patrol Agent Diaz into the area, via service radio. When Agent Diaz arrived in the area he encountered three subjects, including one individual later identified as defendant Jose OCTAVIO-Torres, hiding in two portable toilets located in the northwest corner of the lot. Agent Diaz identified himself as a United States Border Patrol Agent and asked if any of the subjects, including the defendant, were in possession of documents allowing them to enter into or remain in the United States illegally. All subjects, including the defendant, stated that they did not have any documents and admitted that they were present in the United States illegally and that they had entered the United States illegally by jumping the fence east of the Tecate, California Port of Entry. Agent Diaz then placed the defendant and the other two subjects in custody and transported them to the Tecate, California Processing Center.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on July 18, 2002 through El Paso, Texas. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and was willing to make a statement without the presence of an attorney. The defendant admitted that he is a citizen and national of Mexico without any immigration documents allowing him to be in the United States legally. He further admitted that he has been previously deported and that he had never applied for permission to re-enter the United States prior to his entry.

Executed on May 24, 2008 at 10:30 A.M.

Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on May 22, 2008, in violation of Title 8, United States Code, Section 1326.

Jan Adler
United States Magistrate Judge

5/24/08 @ 12:41 pm.
Date/Time